J. S62016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| | : | |
| v. | : | |
| | : | |
| H.M.V | : | |
| | : | |
| | : | No. 634 MDA 2016 |

Appeal from the Order Entered March 24, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-996

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED OCTOBER 19, 2016**

J.A. ("Father") appeals *pro se* from the March 24, 2016 Order that dismissed his Petition to Modify Order of Visitation with his seven year old child, M.A.-V. ("Child") and granted H.M.V. ("Mother") sole legal and primary physical custody.[1]   Because the trial court failed to hold an evidentiary hearing before dismissing the Petition, let alone, consider the Petition in light of the statutorily mandated factors set forth in the Child Custody Act, 23 Pa.C.S. §§ 5321-5340, we vacate the Order and remand for further proceedings.

This is not the first time that Father appealed from the trial court's dismissal of a petition for visitation without holding a hearing.  On August 5,

---

[1] Trial court incorrectly dated the Order March 24, **2015** and filed the Order on March **28**, 2016.

2014, the trial court entered an Order dismissing Father's first Petition for Visitation without holding a hearing.[2]   Father appealed to this Court. Because the trial court failed to hold a hearing, we entered a Judgment Order vacating the trial court's order dismissing the Petition, and ordered that "either the trial court, or the Master at the trial court's direction, must conduct an evidentiary hearing and make factual findings pursuant to the Custody Act . . . " *J.A.-R v. H.M.V.,* No. 1458 MDA 2014 (Pa. Super. filed February 18, 2015) (judgment order).

On June 15, 2015, after a video status conference and without Mother present, the trial court entered an Order permitting Child to visit with Father at the facility where Father is incarcerated, S.C.I Albion.  The Order required the maternal grandparents to transport Child to S.C.I. Albion.

On September 21, 2015, Father filed a Petition to Modify Order of Visitation ("Petition").  Father claimed that maternal grandparents refused to transport Child to S.C.I. Albion because Mother threatened the grandparents that she would not allow them to see Child if they complied with the Order. Father petitioned the trial court to modify the visitation Order so that it would be his brother, and not the maternal grandparents, who would transport Child to S.C.I Albion.

---

[2] Although the trial court referred the Petition to a Master, the Master did not conduct an evidentiary hearing and prepare a report.  The Master made the unsubstantiated recommendation that the trial court deny the Petition.  The trial court accepted the unsubstantiated recommendation.

Although the Child Custody Act and Pennsylvania Rules of Civil Procedure require the trial court to hold an evidentiary hearing prior to entering an order on any form of custody, including visitation, and base its decision on the sixteen factors set forth in the Child Custody Act, neither the Master nor the trial court held a hearing on the Petition or analyzed the statutorily mandated factors. *See* 23 Pa.C.S. §§ 5321-5340; Pa.R.C.P. 1915.4-2.

Instead, the Master, without holding a hearing or permitting argument, recommended that the trial court dismiss the Petition. Although the Master did not base its recommendation on any evidence, the trial court accepted the recommendation and dismissed the Petition.

We are troubled that the trial court has now dismissed Father's petitions twice without holding an evidentiary hearing and evaluating the merits of each petition in accordance with the statutorily mandated factors set forth in the Child Custody Act. Therefore, we again vacate the trial court's Order and order the trial court to hold an evidentiary hearing on the Petition within sixty days of this Order. Father may participate by telephone.

We note that the trial court has twice referred Father's visitation petitions to the Master and each time, the Master made unsubstantiated recommendations without holding an evidentiary hearing. This has, among other things, unreasonably delayed a decision in this matter. Consequently,

we are ordering that it be the trial court, and not the Master, who holds the evidentiary hearing within sixty days.

Within thirty days of the evidentiary hearing, the trial court is to provide Father with a written Opinion evaluating the Petition in light of the sixteen factors set forth in the Child Custody Act, 23 Pa.C.S. § 5328(a), as well as the special considerations when a parent is convicted and incarcerated pursuant to 23 Pa.C.S § 5329 and *M.G. v. L.D.*, 2016 PA Super 204, *8 (filed September 9, 2016).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016